

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable R. L. Crosier
County Attorney
Cleburne, Texas

Dear Sir:

Opinion No. O-3043
Re: Validity of contract be-
tween Johnson County and
L. L. Boyd, relating to
delinquent taxes.

Along with your letter of January 10, 1941,
you sent to us a copy of a contract made between Johnson
County and L. L. Boyd, dated October 4, 1940, and sign-
ed by the County Judge of Johnson County, in behalf of
the county. The contract provides that it shall be in
effect for a period of two years from date and that Mr.
Boyd shall be paid a salary of $200.00 per month. It
also contains provisions relative to expenses and sten-
ographic assistance and contains the following provision:

"Second Party's work shall consist of col-
lecting data and all figures and facts pertain-
ing to, or necessary for, the collection of
delinquent taxes due First Party, and the State
of Texas, and shall prepare all papers and
pleadings in instances where it is feasible to
bring suits for the collection of delinquent
taxes, and shall work with the County Attorney
of Johnson County in prosecuting said suits
to judgment. Second Party is also to assist,
co-operate and work with the Commissioners'
Court in equalizing the rendition and assess-
ments of taxes due First Party and the State
of Texas, and in so doing, shall collect data
and facts pertaining to the true market value
of properties upon which taxes are to be equal-
ized, and also the comparative values of each
such properties in comparison with other prop-
erties similarly located and situated."

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable R. L. Croslor, Page 2

The contract does not bear the approval of either the Comptroller or the Attorney General. You also advised that Mr. Boyd is not an attorney at law. In substance, you request our opinion as to whether or not said contract is a valid one.

It is noted that under the contract a considerable part of Mr. Boyd's duties are connected with the collection of delinquent taxes. He is required to collect data and figures and facts pertaining to or necessary for the collection of delinquent taxes and to prepare papers and pleadings in instances where it is feasible to bring suits for the collection of delinquent taxes. In Article 7335a, Vernon's Civil Statutes, it is provided that "no contract shall be made or entered into by the commissioners' court in connection with the collection of delinquent taxes where the compensation under such contract is more than fifteen per cent of the amount collected. Said contract must be approved by both the Comptroller and the Attorney General of the State of Texas both as to substance and form. . . . any contract made in violation of this Act shall be void." Following the provisions of said Article 7335a it has been definitely established that contracts attempted to be made by commissioners' courts in connection with collection of delinquent taxes are absolutely void unless approved by the State Comptroller and Attorney General. White v. McGill, 114 S. W. (2d) 860, by the Supreme Court; Easterwood v. Henderson County, 62 S. W. (2d) 66, by the Commission of Appeals; Sylvan Sanders Company v. Scurry County, 77 S. W. (2d) 709, by the Court of Civil Appeals. It is unnecessary for us to inquire further into the contract in question since it falls squarely within the above cited cases. The fact that the contract does not bear the approval of the Comptroller and Attorney General renders the same void regardless of anything else. For your information, we enclose copy of our opinion No. O-2959.

APPROVED JAN 22, 1941

FIRST ASSISTANT
ATTORNEY GENERAL

GRL:LM

ENCLOSURE

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Glenn R. Lewis

Glenn R. Lewis
Assistant